UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOSHUA STRUNK,**

    *Plaintiff*,

v.                                                Case No. 5:23-CV-0636-JKP

**HOME DEPOT U.S.A., INC.,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment (ECF No. 24). Pursuant to Fed. R. Civ. P. 56, Defendant seeks dismissal of this case. With the filing of Plaintiff's response (ECF No. 25) and Defendant's reply (ECF No. 26), the motion is ripe for ruling. For the reasons that follow, the Court denies the motion in part and grants it in part.

### I. BACKGROUND[1]

Plaintiff, an employee of Defendant since 2014, injured his neck at work while lifting a 2"x12"x12' pressure treated beam that a customer wanted cut. Plaintiff had retrieved the beam, placed it on a waist-high flat cart, and carted it to the cutting area. The beam weighed at least eighty pounds, but wetness could increase the weight by up to twenty pounds. Plaintiff asked for and was refused assistance on the day of his injury. He had asked for and had been refused assistance numerous times before regarding lifting that size of lumber. Cutting lumber was a daily duty that Plaintiff had done 10,000 times before. Plaintiff moved that particular beam size every couple of days. He had performed the same action that resulted in his injury hundreds of times before.

Through his first amended complaint ("FAC") (ECF No. 18), Plaintiff sues Defendant for this workplace accident. FAC ¶ 5. He contends that Defendant is subject to liability as a

---

[1] The factual background is uncontested unless otherwise noted. The Court considers disputed facts in the light most favorable to the non-movant as required through the summary judgment process.

nonsubscriber to the Texas Workman's Compensation Act. *Id*. ¶ 6. He asserts various subclaims of negligence through two broader claims. *Id*. ¶¶ 7–9. Through Claim 1, he seeks respondeat superior liability against Defendant for its employees (a) failing to provide a second employee to assist with lifting over fifty pounds (hereinafter inadequate assistance claim) and (b) failing to have rules and directions regarding such assistance (hereinafter policy claim). *Id*. ¶¶ 7–8. Through Claim 2, he asserts that Defendant was directly negligent with respect to hiring, retention, training, and supervision in the following respects: (a) negligent supervision and monitoring of employees; (b) negligent retention; (c) negligent training; (d) negligent maintaining of written company policies and procedures for lifting over fifty pounds; and (e) failing to have an adequate safety program. *Id*. ¶ 9.

Defendant recognizes these alleged claims. *See* Mot. at 1–2. And it seeks summary judgment against all claims asserted against it. *See id.* at 9. But it only directly challenges the inadequate assistance claim (Claim 1(a)), *see id*. at 3–7, and the negligent hiring, retention, training, and supervision claims, *see id*. at 7–8 (Claims 2(a), (b), and (c)). For Claim 1(a), it seeks summary judgment on grounds that it owed Plaintiff no duty to provide him with additional assistance to accomplish the assigned task. *See id*. at 3–7. It also extends that argument in passing to all of Plaintiff's claims, specifically including the alleged failure to maintain operating procedures. *Id*. at 4. As for Defendant's specific challenge to Claim 2, it does not address Claim 2(d) regarding negligent maintenance or Claim 2(e) regarding an adequate safety program. Further, at no point does Defendant address Plaintiff's policy claim (Claim 1(b)). Interestingly, Plaintiff himself provides uncontroverted deposition testimony that Defendant has an unwritten policy that, for items weighing over fifty pounds, employees have a coworker assist. The claim regarding rules and directions thus appears to be a non-issue at this point.

Because Plaintiff concedes that he has no evidence of any negligent hiring or training, Resp. at 7, the Court will dismiss those claims. The Court will also dismiss any claim of negligent

2

retention because Plaintiff does not address such claim in response to Defendant's motion. The Court will not address claims that Defendant did not adequately brief in its motion. Accordingly, Claims 1(b), 2(d), and 2(e) are not directly at issue at this time. Remaining at issue through the instant motion are Plaintiff's claims (1) based on a failure to provide additional assistance (Claim 1(a)) and (2) negligent supervision (Claim 2(a)).

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This includes identifying those portions of the record that the party contends demonstrate the absence of a genuine dispute of material fact. *Id*.

When "the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a genuine dispute] of material fact warranting trial." *Lyons*

3

*v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (quoting *In re: La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). The movant need not "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis omitted) (parenthetically quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) (en banc)). In these instances, however, the movant must "point[] out that there is no evidence to support a *specific element* of the nonmovant's claim"; rather than making "a conclusory assertion that the nonmovant has no evidence to support his *case*." *Id*. at 335 n.10.

Once the movant has carried its summary judgment burden, the burden shifts to the nonmovant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Additionally, courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

### III. APPLICABLE LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *accord Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because jurisdiction in this case is based on diversity of citizenship, *see* ECF No. 18 ¶ 3, the Court must "apply Texas law," *Ocwen Loan Servicing, LLC v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017); *accord West v. Conrail*, 481 U.S. 35, 39 n.4 (1987). The parties agree that Texas law applies to this diversity action.

### IV. ANALYSIS

Plaintiff's inadequate assistance claim and his claim of negligent supervision—require the

same elements: (1) a legal duty owed to Plaintiff by Defendant; (2) breach of that duty by Defendant; and (3) the breach proximately caused Plaintiff's damages. *Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021) (inadequate assistance claim under Texas law); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam) (inadequate training with discussion of inadequate equipment or assistance); *Knight v. City Streets*, LLC, 167 S.W.3d 580, 584 (Tex. App. – Houst. [14th Dist.] 2005, no pet.) (negligent supervision).

**A. Inadequate Assistance**

Defendant argues that it owed no legal duty to provide additional assistance to Plaintiff under the facts of this case, and it submits that *Elwood* dictates that Plaintiff's negligence claims fail as a matter of law. Defendant places much reliance on the following discussion in *Elwood*:

> Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists.
>
> An employer has a duty to use ordinary care in providing a safe workplace. It must, for example, warn an employee of the hazards of employment and provide needed safety equipment or assistance. However, an employer is not an insurer of its employees' safety. It owes no duty to warn of hazards that are commonly known or already appreciated by the employee. It has no duty to provide equipment or assistance that is unnecessary to the job's safe performance. And, when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious.

197 S.W.3d at 794–95 (citations omitted).

The Fifth Circuit, however, discussed *Elwood* and two earlier Texas cases (*Great Atlantic & Pacific Tea Co. v. Evans*, 142 Tex. 1, 175 S.W.2d 249 (1943), *Werner v. Colwell*, 909 S.W.2d 866 (Tex. 1995)) when it held that those cases "do not abrogate an employer's well-established non-delegable and continuous duty to furnish reasonably safe instrumentalities with which its employees are to work when the employee is performing his customary job duties." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 332 (5th Cir. 2017) (citation and internal quotation marks omitted). While *Austin* addressed a necessary instrumentality claim, i.e., failure to provide an instrument or

5

equipment for the safe performance of the job in question, the Court finds its framework equally applicable in the inadequate assistance context. *See Molina*, 20 F.4th at 169 (lumping equipment and assistance together at times); *Elwood*, 197 S.W.3d at 794–95 (same). In the latter context, the necessary instrumentality is simply another person rather than a piece of equipment.

*Austin* recognized that *Evans*, *Werner*, and *Elwood* "only stand for the general proposition that an employer cannot be liable for *breaching* its duty to an employee by merely requiring the employee to perform his usual and customary work with the instrumentalities necessary to safely perform the job." *Id.* Thus, "as relevant to this case, because the employer has a duty to provide necessary instrumentalities but not unnecessary instrumentalities, the employee must show that the employer failed to provide instrumentalities to the employee that were *necessary* for the safe performance of the employee's customary work." *Id*. This means that Plaintiff must show that his employer failed to provide assistance necessary for the safe performance of his customary work. Such assistance may be needed for certain tasks and not others.

Naturally, an employee can survive a summary judgment motion by showing a genuine dispute of material fact as to whether an instrumentality or additional assistance is necessary. In considering whether the employer (Kroger) was negligent for failing to provide the employee (Austin) with an instrumentality necessary to safely perform his job, the Fifth Circuit held that there was a genuine dispute of material fact as to that claim. *Id*. at 329. Relying on a Texas appellate case from Amarillo, the Fifth Circuit

> considered several factors relevant to determining that an instrumentality was not necessary for the safe performance of an employee's job: (1) the employee had never requested the instrumentality in question; (2) the employee had not complained that the task she was performing was unsafe; (3) the employee had safely performed the task in the past without injury; (4) there was no evidence that the instrumentality "was commonly used in, or had been established by industry standards or customs as a safety measure for" her job; (5) there was no evidence that "a reasonably prudent employer would have provided such instrumentality"; and (6) there was no medical evidence that the instrumentality would have prevented the employee's injury.

*Id.* (quoting *Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433, 438 (Tex. App. – Amarillo 1996, writ denied)). Applying those factors, the Fifth Circuit held that there was a material fact dispute, "specifically pertaining to the fourth and fifth *Allsup's* factors." *Id.* at 330.

Defendant, nevertheless, urges the Court to grant summary judgment in this case based on a 2021 summary judgment affirmance in *Molina* regarding "an employee's inadequate assistance claim in nearly identical circumstances when the employee admitted he had performed the task frequently, that the task was typical of his position, and that the task was not necessarily hazardous." Mot. at 5. While *Molina* has similarities to this case, it is a stretch to say that the facts are nearly identical.

For Molina, the injurious task, "flat stacking," was nearly a daily activity that all employees performed, and "was not especially perilous" as shown by "[c]ustomers regularly mov[ing] the same materials." 20 F.4th at 169. The task required stacking "pieces of timber that were 4"x4"x10' and weighed around 50 pounds." *Id.* at 168. Molina had "never asked for help 'flat stacking' before" and "admitted that no part of his job was 'hazardous' and that 'flat stacking' was not necessarily a two-man job." *Id.* at 169–70. The Fifth Circuit agreed that, under these facts, "there is no genuine dispute of material fact" and "Home Depot had no duty to provide assistance to Molina." *Id.* at 170.

Here in contrast, there is no evidence that customers would move the size beam at issue in this case. Plaintiff, moreover, specifically asked for assistance with the beam as he had done numerous times before when tasked to lift such heavy lumber. Plaintiff has not conceded that moving the beam was a one-man job even though he had done the same task hundreds of times before. Plaintiff has not conceded that this task was non-hazardous when performed alone. The difference between the weight of the lumber at issue in Molina (around fifty pounds) and here (at least eighty pounds) is material and significant.

Plaintiff provides summary judgment evidence that Defendant has a standard that, for any

item over fifty pounds, employees pair up to complete the task. And applicable workplace standards of the Occupational Safety and Health Act ("OSHA") oblige employers to provide a workplace that is free from recognized hazards, including exposure to hazards related to heavy lifting. Although OSHA does not itself have specific standards regarding lifting heavy items, it recognizes the recommendations of the National Institute for Occupational Safety and Health, which recommends a maximum lifting load of fifty-one pounds for one person. Although this recommendation does not exactly parallel Defendant's standard, the Court will often utilize the shorthand phrase, over fifty pounds, while understanding that over fifty pounds is not precisely the same as a fifty-one pound maximum. As for lifting, OSHA recommends that employees "get a coworker to help if a product is too heavy."

The provided summary judgment evidence creates a genuine dispute of material fact as to whether providing additional assistance for lifting an eighty-pound beam was necessary to the job's safe performance. Not only did Plaintiff request assistance on the date of his injury he had requested assistance for such heavy lifting numerous times before. Even though lifting lumber was typical for Plaintiff's position, Defendant's own standards recognize that employees pair up when lifting items weighing more than fifty pounds. This standard comports with the OSHA recommendation. While Plaintiff had previously performed the same task without injury and he has pointed to no medical evidence that a second person assisting with the lifting would have prevented his injury, the Court finds that applying the *Allsup's* factors, there is material factual dispute as to whether additional assistance was necessary for the safe performance of Plaintiff's job when it entailed lifting an eighty-pound beam. Further, under the presented facts, the Court is unable to find that lifting an eighty-pound beam was not especially perilous as a matter of law. Unlike *Molina*, customers did not regularly move the eighty-pound beams, if they moved them at all.

As much as Defendant wants this case to be decided as a matter of law on the duty element, it simply misses the mark. Defendant undoubtedly owed Plaintiff a duty to provide a safe

8

workplace under *Elwood*. As part of that duty, Defendant owed a duty to provide assistance and instrumentalities that were necessary for the safe performance of Plaintiff's customary work. This case goes beyond what duty is owed. Although Defendant attempts to characterize the case as being decided by *Elwood*, that case does not dictate a finding that Defendant did not owe Plaintiff a duty to provide assistance with lifting the heavy beam in this case.

The Court agrees with *Austin* that neither *Evans* nor *Werner* nor *Elwood* dictate a result as a matter of law on the facts of this case. In *Elwood*, there was "no evidence that additional equipment or assistance were needed to perform Elwood's job safely." 197 S.W.3d at 794. Plaintiff here has provided summary judgment evidence to show a genuine dispute of material fact as to whether additional assistance was necessary for safe performance of lifting the eighty-pound beam.

In *Werner*, the plaintiff lacked evidence "regarding the threat of injury." *See* 909 S.W2d at 869. There was "no evidence that the lifting involved [was] unusual or pose[d] a threat of injury." *Id*. There was "no evidence that two employees constituted an inadequate work force to do the required loading." *Id*. Here, although Plaintiff lifted such heavy lumber on his own hundreds of times, he had also made numerous requests for assistance for such heavy lifting. Defendant's standards, as well as an OSHA recommendation support finding a threat of injury when solo lifting items that weigh over fifty pounds.

Times have changed much since *Evans* was decided in 1943. Evans, "a young man, about 21 or 22 yours of age," weighing "about 150 or 155 pounds" and who "was then strong and robust and in good health" suffered a hernia when he moved "some sacks of potatoes which weighed about 100 pounds." 175 S.W.2d at 250. He carried the potatoes 75 to 80 feet and "had been doing the same character of work for several months before his injury without making any complaint." *Id*. As parenthetically noted in *Austin*, *Evans* held "that an employer did not breach its duty by requiring a stock boy to perform his customary work in accordance with industry practice and prior performance." 864 F.3d at 332. Additional assistance may not have been necessary under the

9

circumstances in *Evans* in 1943, but as the case itself recognizes: "The question of the existence of negligence and its degree generally depend upon the facts of each case." 175 S.W.2d at 251. And under the facts of this case, Defendant's applicable standard, in addition to OSHA's recommendation, supports finding a genuine dispute of material fact as to whether additional assistance was necessary.

Defendant argues that employers have no duty to provide additional assistance when the employee has a safe method to complete an assigned task. Mot. at 4–5 (citing *Fields v. Burlison Packing Co.*, 405 S.W.2d 105, 108 (Tex. Civ. App. – Fort Worth 1966, writ ref'd n.r.e.)). The Court finds *Fields* readily distinguishable from the facts of this case. In *Fields*, the employee had at least two other alternate means to complete the task safely without lifting the heavy container. 404 S.W.2d at 108–09. Additionally, the employee in *Fields* "made no effort to determine whether her employer or any of her fellow employees could or would help her." *Id*. at 108. These facts are in stark contrast to those presented in this case that are viewed in the light most favorable to Plaintiff. In that light, Plaintiff was refused assistance from multiple sources and, without such assistance, his only remaining alternative was to lift the beam himself.

Defendant also argues that Plaintiff's proffered facts do not show that his "task was **unusually** precarious or that additional assistance was **necessary** to the job's safe performance." Reply at 3. But Plaintiff has carried his burden to establish a genuine dispute of material fact as to the necessity of additional assistance. And, as discussed in *Austin*, the duty to provide necessary instrumentalities, whether through equipment or additional assistance, applies even for an employee's customary work. *See* 864 F.3d at 331–32. To hold otherwise "would lead to absurd results." *Id*. at 332. Of course, whether there has been a breach of that duty "is a different matter." *Id*. That an employee is injured while performing his customary work is irrelevant to determining whether the employer breached its duty to provide the employee with a necessary instrumentality or assistance to safely perform his job. *See id*. at 331–32. The facts of this case present a dispute

10

as to whether the assistance of a second person to lift the beam in question was necessary to the job's safe performance.

There is a fact question as to whether the task, although typical for Plaintiff's position, was unusually precarious or especially perilous based upon the weight lifted. Citing to *Werner* and *Evans*, *Elwood* indeed spoke in terms of "unusually precarious." 197 S.W.3d at 795. *Elwood* also spoke in terms of "unusually dangerous" and in doing so, it viewed as relevant that customers would regularly perform the task. *See id*. *Molina* used the phrase "especially perilous" and also viewed it relevant that customers would regularly perform the task. *See* 20 F.4th at 169. The precise terminology is less important than the circumstances described. Precarious and perilous are similar to dangerous, hazardous, and risky. Unusually and especially indicate that the circumstances are outside the norm.

While courts may at times find, as a matter of law, that a job or task is not unusually precarious or especially perilous, the Court cannot do so on the facts here. Unlike *Elwood* and *Molina*, this is not a case where customers regularly engage in the task that injured Plaintiff. Customers do not regularly lift eighty-pound beams. Whether customers themselves regularly perform the task is a relevant indicator as to whether a task is unusually precarious or especially perilous. Of course, the presence or absence of such indicator is not necessarily dispositive of the issue. But here, Plaintiff has presented at least some evidence that lifting the beam in question is unusually precarious work. Not only is the task not regularly performed by customers, but an applicable standard of Defendant, in addition to an OSHA recommendation, limit the amount of weight that an employee should lift without assistance from another employee.

For these reasons, Defendant has not shown that it is entitled to judgment as a matter of law on the inadequate assistance claim. Taken as a whole, the evidence could lead a rational trier of fact to find for Plaintiff on such claim. At this point, Plaintiff does not need to show more. Both parties can present their evidence to the trier of fact, who will then weigh the facts to determine

whether Defendant was negligent.

## B. Negligent Supervision

Plaintiff also asserts a claim of negligent supervision that Defendant directly addressed in its motion. Because the parameters for this claim are quite vague from the FAC, Defendant simply argues that Plaintiff cannot demonstrate a breach of any duty to supervise or how any such breach caused his injuries. Mot. at 7–8.

In response, Plaintiff agrees that he must show that Defendant breached the duty to supervise and that the failure to supervise proximately caused his injuries. Resp. at 7. He submits that as part of establishing such a claim he "must show that supervisor or manager was actually present, observed the situation was capable of intervening into the situation, or that the employer or manager/supervisor had prior knowledge of an issue regarding the employee that related to the employee's actions during the incident question." *Id*. at 7–8. As evidentiary support, he points to his deposition showing that he directed his request for assistance to any managers available at the time of his injury. *Id*. at 8. He also points to the evidence of his prior requests for assistance that went unanswered, Defendant's standard for requiring assistance when employees lift more than fifty pounds, and his proffered OSHA safety expert who is of the opinion that supervision is important for safety and that Defendant failed to act reasonably in supervising their own standard. *Id*. In short, he relies on the same evidence to support this claim as he does for his inadequate assistance claim.

In reply, Defendant first argues that if Plaintiff fails on his inadequate assistance claim, then he fails on this claim too. Reply at 7. It next argues that this claim, like the inadequate assistance claim, hinges on whether it could have foreseen Plaintiff's injury when Plaintiff himself did not anticipate being injured from lifting the eighty-pound beam. *Id*. at 7–8. It also argues that it bears no duty to provide additional assistance when an employee opts for an unsafe method despite safer alternatives. *Id*. at 8.

12

The first reply argument does not help Defendant because Plaintiff has carried his burden on his inadequate assistance claim. The third argument is based on *Fields*, which the Court has already distinguished on its facts. The Court has not yet addressed foreseeability directly although it is tied to whether Defendant is under any legal duty. *See Austin v. Kroger Tex., LP*, 864 F.3d 326, 331 (5th Cir. 2017).

Here, Plaintiff relies on the same evidence for his negligent supervision claim as he does for his claim of inadequate assistance. While the evidence shows a genuine dispute of material fact as to the latter claim—specifically whether additional assistance was necessary for Plaintiff to safely perform his job—that evidence does not carry Plaintiff's burden on his negligent supervision claim. Plaintiff fails to even set out the parameters for the duty he contends Defendant breached. Instead, he simply states that "[t]o the extent Texas recognizes a claim for negligent supervision/monitoring the claim would use the same [elements] as negligence." Resp. at 7. This is not enough to show that Defendant owed Plaintiff a legal duty as to supervision. Plaintiff must identify a specifically recognized duty, but he fails to do so.

As it exists when paired with negligent hiring and retention, "[t]he duty of the employer extends only to prevent the employee or independent contractor from causing physical harm to a third party." *Moore Freight Servs., Inc. v. Munoz*, 545 S.W.3d 85, 98 (Tex. App. – El Paso 2017, pet. denied). Plaintiff has already conceded that he has no evidence of negligent hiring. And as mentioned earlier, Plaintiff does not even address any negligent retention. Thus, at this time, Plaintiff is pursuing a standalone negligent supervision claim. If such claim requires the same duty, even without any connected negligent hiring or retention, Plaintiff has presented no factual basis for finding that Defendant failed to prevent someone from physically harming a third party.

"Texas law is unclear regarding whether a claim for negligent supervision exists." *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 784 (Tex. App. – Houst. [1st Dist.] 1999, pet. denied). *Castillo* refused to recognize "a separate cause of action for negligent supervision." *Id*. at 785. Another lower

13

appellate court avoided that issue, by assuming that "even if a claim for negligent supervision could exist absent a claim for negligent hiring," the plaintiff had failed to present any evidence that the defendant had "breached its legal duty to supervise its employees." *See Knight v. City Streets*, LLC, 167 S.W.3d 580, 584 (Tex. App. 2005, no pet.). If a standalone negligent supervision claim exists, the normal elements of negligence apply. *Id*.

But even *Knight* recognized that, while employers have "a duty to adequately hire, train, and supervise employees," liability only flows "if the complainant's injuries result from the employer's failure to take reasonable precautions to protect the complainant from the misconduct of its employees." *Castillo*, 1 S.W.3d at 786. Thus, application of normal elements of negligence does not help Plaintiff's negligent supervision claim survive summary judgment. The facts of this case simply do not fit into the typically recognized negligent supervision claim.

Further, to establish that Defendant's supervisory "actions were the proximate cause of his injuries, [Plaintiff] must show that [Defendant's] actions in supervising [its employees] were the cause-in-fact of his injuries and that [Plaintiff's] . . . resulting injuries were a foreseeable consequence of [Defendant's] supervision of [the employees]." *Knight*, 167 S.W.3d at 584. Plaintiff's presented facts do not establish a failure to supervise was the proximate cause of his injury.

Plaintiff attempts to present a negligent supervision claim when the facts instead present an inadequate assistance claim. Plaintiff fails to explain a basis for considering the presented facts as presenting a negligent supervision claim. As Plaintiff has the burden to present evidence to support his various claims, the Court finds that summary judgment is warranted on the asserted negligent supervision claim.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment (ECF No. 24). For the reasons stated herein, the Court **DISMISSES** Plaintiff's negligence claims premised on negligent hiring,

14

training, retention, or supervision. But Plaintiff may proceed with his inadequate assistance claim. This claim survives summary judgment and proceeds to trial. And, as previously mentioned, Defendant did not adequately brief Claims 1(b), 2(d), and 2(e) as identified herein, and were not separately considered.

**IT IS SO ORDERED this 10th day of March 2025.**

*/s/ Jason Pulliam*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**